

**17251 MELFORD BOULEVARD**
**SUITE 200**
**BOWIE, MARYLAND 20715**
**PHONE: 301.352.4950**
**FAX: 301.352.8691**

*Principals*
Jeffrey R. DeCaro *▾
Thomas L. Doran *
Charles E. Gallagher, Jr. *▾
Samuel J. DeBlasis, II *
Christopher R. Dunn *
James S. Liskow *▾
Mark A. Kohl *▾

*Partners*
Anne Marie McGinley *
Jennifer A. King *
Gerald W. Ueckermann, Jr. ▾

*Associates*
Matthew J. Gannett *
Lauren N. Rutkowski *
Rebecca K. Schisler-Adams
Melissa H. Ryan ▲
Lisa H. Carrera
Jennifer N. Henriquez
Lynne J. Kinney *
Jennifer R. Albany *

*Of Counsel*
Alan R. Siciliano
Nancy J. Goodiel •
Steven J. Parrott *
Steven C. Bergeron •
Christopher J. Gowen *
Heather R. Beygo*
Andrew B. Greenspan*

\* Also Member of D.C. Bar
▾ Also Member of Virginia Bar
• Member of D.C. and Virginia Bars
▲ Member of Virginia Bar

*Virginia Office*
3050 Chain Bridge Road
Suite 300
Fairfax, Virginia 22030
703.255.6667
Fax: 703.299.8548

*Washington, D.C. Office*
1100 Connecticut Avenue, NW
Suite 950
Washington, D.C. 20036
202.862.5505
Fax: 202.862.5506



WWW.DECARODORAN.COM

E-Mail: CDunn@decarodoran.com

January 25, 2023

**Via Electronically Filing**
The Honorable Gina L. Simms
United States Magistrate Judge
United States District Court for
  the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

**Re:    Susan Williams v. Dolgencorp, LLC**
        **Civil No.: 8:21-cv-02775-GLS**

Dear Judge Simms:

I am writing to inform you of Defendant, Dolgencorp, LLC's (Dollar General) intent to file a Motion for Summary Judgment. This case arises out of a trip-and-fall accident that occurred February 4, 2019, at the Dollar General store in Denton, Maryland.

Plaintiff entered the store with a friend, Polly Styles, sometime around noon. After shopping for approximately one hour, both Plaintiff and Ms. Styles went to checkout. Each had their own shopping cart. Ms. Styles was already at the register when Plaintiff approached the checkout line. Plaintiff testified that deposition exhibit number 3 (attached hereto), as how the checkout register appeared, except for the fact that there is no mat on the floor in front of the register in the picture. Plaintiff testified that the shopping cart in the picture was positioned in the same or similar manner as her shopping cart was, although her cart may have been angled more towards the front window.

As Plaintiff was approaching the register, she noticed that Ms. Styles was standing on the floor mat. Plaintiff describes the mat as either 3' by 3' or 4' by 4', carpeted with rubber edges around the carpet and a rubber backing. Plaintiff notices nothing unusual about the floor mat at any time. Ms. Styles completed her transaction and exited the store to load her purchases into her car without any problem.

Plaintiff testified that she stood on the mat for approximately ten minutes while checking out, without noticing anything unusual about the mat. Plaintiff testified that when she turned to leave the register, she tripped and fell. Plaintiff testified that the only explanation she could give is that when she turned to leave the mat may have buckled, because when she went to take the first step she fell. Plaintiff admitted that she never observed anything defective with the mat.

**Re:** <u>Susan Williams v. Dolgencorp, LLC</u>
   **Civil No.: 8:21-cv-02775-GLS**

January 25, 2023
Page 2

Plaintiff retained a premises liability expert by the name of Kevin Foreland. Mr. Foreland started doing forensic work as a premises expert in 2021, two years after this incident occurred. Mr. Foreland has never testified as an expert in any court of law. He was employed by Walmart as a store assistant manager from 1989 to 1995 (27 years ago). After leaving Walmart, he worked in two different record store shops in Georgia for a couple of years.

Mr. Foreland has never visited this Dollar General store, never inspected any store mat and never interviewed the Plaintiff. His sole opinion in this case is that he does not believe there should be a mat at a checkout register, as he has never observed that before when he has shopped. He admitted he did no research or have any basis that having a floor mat violated any industry standard, other than he does not ever recall observing a mat at such a location. He went on to testify that it is his opinion that having a mat at the checkout register was a "negligent mode of operation," a theory of negligence not recognized in Maryland.

Defendant intends to file a Motion *in Limine* to strike Plaintiff's expert simultaneously with the Motion for Summary Judgment.

There is no evidence in this case that there was a defective condition on the premises. Plaintiff cannot produce any evidence that there was a defective condition on the premises. All the Plaintiff can testify to is, that she observed the mat as she approached the register, her friend, Ms. Styles, stood on the same mat without any problems, that Plaintiff stood on the mat for approximately ten minutes by her estimate and did not notice any defective condition, and when she turned to walk away, she fell and she assumes that her foot went under the mat.

Thank you for your attention this matter.

Sincerely,

*/s/Christopher R. Dunn*

Christopher R. Dunn
CRD/sao

cc:   Timothy P. Leahy, Esquire