IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SUSAN WILLIAMS | * | |
| | * | |
| Plaintiff, | * | **Case No.: 8:21-cv-02775-GLS** |
| | * | |
| v. | * | |
| | * | |
| DOLGENCORP, LLC | * | |
| d/b/a DOLLAR GENERAL | * | |
| | * | |
| Defendant. | * | |

**DEFENDANT DOLGENCORP, LLC'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S EXPERT KEVIN FOREHAND**

COMES NOW the Defendant, Dolgencorp, LLC d/b/a Dollar General, by and through its attorneys, Christopher R. Dunn and DeCaro, Doran, Siciliano, Gallagher & DeBlasis, LLP, and hereby submits this Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Motion in Limine to Exclude Plaintiff's expert, Kevin Forehand, and in support thereof states as follows:

Plaintiff's Opposition to Defendant's Motion for Summary Judgment consists of one fallacy after another in a desperate attempt to survive the instant motion. A cursory review of Plaintiff's Opposition clearly demonstrates that Plaintiff completely fails to produce any facts to establish any actual constructive notice of any defective condition evidence on its premises, which is an absolute necessity in order for the Plaintiff to survive the instant Motion in accordance with the case of Joseph v. Bozzuto Management Co., 173 Md. App. 305, 918 A.2d 1230 (2007), or that of Maans v. Giant Food, Inc., 161 Md. App. 620, 871 A.2d 627 (2005).

Plaintiff starts off her argument in the fact section by baldly declaring, without any factual or legal support, that the mat Plaintiff fell on "was not commercial grade and suitable for commercial

premises." (*See* Plaintiff's Opposition page 2.) The only testimony that occurred concerning the description of the mat in question was provided by Rosalind Jackson, the Corporate Designee for Dollar General. Ms. Jackson testified that the composition of the mat was "carpeted with the rubber backing" and that it was similar in nature to the entrance mat by the front door. *(See* Rosalind Jackson's deposition [hereinafter "RJ"] pp. 27 and 29, JA0099 and JA0100.) Next, Plaintiff asserts without any factual support that "Defendant chose to destroy the mat in question." (*See* Plaintiff's Opposition page 2.) No such evidence exists. In fact, the only testimony concerning what happened to the mat after Plaintiff's fall was again by Ms. Jackson, who testified that the mat was left on the sales floor as there was nothing defective with the mat. (RJ p. 22, JA0098.) Specifically, Ms. Jackson testified that immediately after Plaintiff's fall, she walked around the cashier's counter and observed the floor mat "and I didn't see nothing wrong, so I – that's why I never removed it." *(*RJ pp. 23-24, JA0022-JA0023.)

Next, Plaintiff claims, without any factual support, that the mat that was in the checkout aisle as not one of the approved mats by Dollar General. (*See* Plaintiff's Opposition page 3.) Plaintiff cites to an email from the undersigned counsel with a chart indicating all of the floor mats that were shipped to the store in question from April 20, 2010 through June 6, 2019. The chart shows that there were two types of mats, "DG Logo Rubber mats" which were used outside the store, and "DG Carpet Mats" that were used inside. (*See* Plaintiff's Exhibit 2, JA0075-JA0076.) Nothing in Plaintiff's Exhibit 2, remotely suggests that the mat Plaintiff fell on was not one of the mats listed on the chart. Plaintiff then refers to the floor mat Plaintiff fell on as "unauthorized mat" throughout the remainder of her Opposition without any facts to corroborate the same.

Plaintiff argues that she had never observed a carpeted mat at the cash register on any previous visit to the store. (*See* Plaintiff's Opposition page 5.) Plaintiff completely ignores the fact that she admitted in her deposition that she did in fact observe the carpeted mat when she was waiting in line to be rung up behind her friend Polly immediately before her fall. (PD pp. 37-38, JA0004-JA0005.) Plaintiff also admitted that she did not observe Polly have any problems with the mat when she checked out with her shopping cart. *Id.* Plaintiff complains that "It appears evident from Ms. Jackson's testimony that Dollar General was not adequately ensuring the inspection of mats within the store" and that "Dollar General failed to make a reasonable inspection of the premises and specifically the mats at the checkout isle."(sic) (*See*, Plaintiff's Opposition Page 5.) Once again, Plaintiff fails to provide any corroborating factual support in the record for such unsubstantiated claims. Defendant can only assume that Plaintiff is referring to the fact that Dollar General, like most retailers, do not maintain an inspections log. (RJ p. 37, JA0101.)

Plaintiff also asserts that Defendant committed spoliation because the video that Defendant preserved did not capture Plaintiff's fall. The store preserved video from the date of Plaintiff's fall from 12:31 p.m. to 1:00 p.m. within days after Plaintiff's fall. Plaintiff sent a preservation letter on April 8, 2019, over two months after her fall. Store video automatically tapes over itself within four to six weeks depending on the amount of activity in area covered by the video. (*See* attached Affidavit from Lisa White, Claims Manager, Dollar General, JA0102-JA0103.) After receiving Plaintiff's preservation letter on April 8, 2019, and realizing that Plaintiff's fall was not captured on the video that was preserved, Defendant attempted to preserve further video from February 4, 2019, but was unable to do so, as the video from that date had been automatically taped over. *Id.* Clearly, based on the date of Plaintiff's preservation letter, this is not tantamount to spoliation.

## I. STANDARD OF REVIEW

Maryland law is clear that admissible evidentiary facts, not mere conclusions, must be produced to serve the function of showing a dispute of material fact, and they must be "full, certain and exact." Hill v. Lewis, 21 Md. App. 121, 318 A.2d 850, cert. denied, 272 Md. 742 (1974) (Emphasis supplied).

On this issue, the Court of Appeals has also stated:

> [G]eneral allegations which do not show the facts in detail and with precision are insufficient to prevent the entry of summary judgment . . . The facts proffered in opposition to the granting of a motion for summary judgment must not only be detailed and precise, but must be admissible in evidence, if there is to be a finding that there is a genuine dispute as to a material fact . . . Even a dispute of a fact which is not material to the controversy will not prevent the entry of summary judgment.

Shaffer v. Lohr, 264 Md. 397, 404, 287 A.2d 42, 46 (1972). *See also*, Vanhook v. Merchants Mutual Ins. Co., 22 Md. App. 22, 321 A.2d 540 (1974), Lynx, Inc. v. Ordnance Products, Inc., 273 Md. 1, 327 A.2d 502 (1974), and Halliday v. Sturm, Ruger & Co., Inc., 138 Md. App. 136, 770 A.2d 1072 (2001).

To defeat a motion for summary judgment, the party opposing the motion must present admissible evidence to show the existence of a dispute of material fact. Bagwell v. Peninsula Regional Med. Ctr., 106 Md. App. 470, 488, 665 A.2d 297 (1995); Commercial Union Insurance Company v. Porter Hayden, 97 Md. App. 442, 451, 630 A.2d 261 (1993), (rev'd on other grounds): 339 Md. 150, 661 A.2d 691 (1995). Moreover, the evidence offered to show the existence of a dispute of fact must be sufficiently detailed and precise to enable the trial court to make its ruling as to the materiality of the proffered fact. Beatty v. Trail Master Products, Inc., 330 Md. 726, 738,

625 A.2d 1005; <u>Bagwell</u>, 106 Md. App. at 489, 665 A.2d 297.

## II. <u>THE PLAINTIFF HAS FAILED TO ESTABLISH A PRIMA FACIE CASE OF NEGLIGENCE</u>

Plaintiff argues that two of the cases cited by Defendant, <u>Moulden v. Greenbelt Consumer Services, Inc.</u>, 293 Md. 229, 210 A.2d 724 (1965) and <u>Lexington Market Authority v. Zappala</u>, 233 Md. 444, 197 A.2d 147 (1964), are not analogous to the instant matter because the defective condition was created by a third party. Plaintiff seems to argue that because the mat was flipped up or curled under that the Defendant is strictly liable and Plaintiff is somehow relieved of her burden of proof, despite the fact Plaintiff repeatedly admitted throughout her deposition that she did not observe the mat either flipped up or curled under. Although she assumes the mat was askew at the time she fell, she also argues that she is under no obligation to produce evidence as to when or how that mat came to be flipped up or curled under.

The instant case is on all fours with the case of <u>Carter v. Shoppers Food Warehouse</u>, 126 Md. App. 147, 727 A.2d 958 (1998). <u>Carter</u> involved a trip and fall accident on a carpeted floor mat in a grocery store. After falling, plaintiff Carter observed that the corner of the mat was turned up. Plaintiff in the instant matter did not notice whether the carpet was turned up before she fell; however, she believed the corner of the carpet was the cause of her accident. Her deposition testimony included the statement, "I slipped on that carpet, rug, and the end of the carpet, evidently I knocked that up or it was already up and my shoes or something went under it. That is the only thing I know." *Id.* at 152. In affirming the trial court's grant of summary judgment, the Appellate Court of Maryland held that:

> [Defendant store owner] is subject to liability for a condition that
> causes harm on its property if the "evidence shows that a dangerous

condition existed, that the owner had actual or constructive knowledge of it, and that that knowledge was gained in sufficient time to give the owner the opportunity to remove it or to warn the invitee." Keene v.Arlan's Dep't Store of Baltimore, Inc., 35 Md. App. 250, 256, 370 A.2d 124 (1977).

*Id.* at 160. The plaintiff in Carter argued that she demonstrated a genuine dispute of material fact as to defendant's exercise of reasonable care, arguing that the store employees swept the produce area too infrequently to prevent accidents such as hers. The Carter court went on to note that:

> Assuming the carpet was turned up, [plaintiff] failed to present evidence either that [defendant] had actual or constructive knowledge of the carpet or that the knowledge was gained in sufficient time for [defendant's] employees to have the opportunity to remove it or to warn [plaintiff] or other shoppers.

*Id.* at 161. Interestingly, the Court of Special Appeals held that the analysis to be applied was the same as what was applied in Moulden v Greenbelt Consumer Services, 293 Md. 229, 210 A.2d 724 (1965). *Id.* at 163. The court explained in Carter that, "there was no evidence in the instant case as to how long the carpet had been turned up, any allegations of knowledge of the condition on the part of the [defendant] are merely speculation and conjecture." *Id.* The court went on to conclude in Carter that:

> In the instant case, without [plaintiff] having presented evidence of [defendant's] actual or constructive knowledge of a dangerous condition, it would not be reasonable to require [defendant] to constantly inspect the produce section and fix the floor mats each time a corner becomes misplaced or turned up.
>
> The only evidence the [plaintiff] presented that was not conjecture was that she fell on the carpet. Whether the carpet was turned up prior to her fall and if so, the length of time it was turned up, was mere speculation. Even if we assume that the carpet was turned up, we would have to assume that [defendant] had actual or constructive knowledge of the carpets condition in order for there to be a dispute of material fact. Absent evidence of [defendant's] knowledge of the

> condition, the court was legally correct in granting summary judgment to the [defendant]. A mere surmise that there may have been negligence will not justify the court in permitting the case to go to the jury.

*Id*. at 165.

What the Plaintiff fails to grasp in the instant matter is that the Defendant's duty to correct a dangerous condition, and/or warn its customers of the same, does not arise until the Defendant has actual or constructive notice of the same. Rawls v. Hochschild Kohn & Co., 207 Md. 113, A.2d 406, 407 (1955); Chalmers v. Great Atlantic & Pacific Tea Co., 172 Md. 552, 192 A. 419 (1937). Since the Appellate Court of Maryland enunciated the rule of law in Buzzuto and Maans, "time on the floor" evidence is an absolute prerequisite to establishing a *prima facie* case in slip and fall cases.

The law in Maryland clearly and unequivocally states that there must be either specific evidence that the defendant or its employee created the condition or actually observed the condition (actual notice), or there is some admissible evidence to establish that the specific hazardous condition remained on the floor for a substantial length of time before the incident (constructive notice) in order to establish a *prima facie* case of negligence and survive a motion for summary judgment. *Id*. Under a theory of constructive notice of a dangerous condition, the cases of Joseph v. Bozzuto and Maans v. Giant Food make it absolutely imperative that a plaintiff must establish evidence of the length of the time the defective condition existed without speculation or conjecture. Should any other analysis be applied, the Bozzuto and Maans courts made it clear the trial court would be imposing an impossible duty of clairvoyance on the defendant and its employees. The Supreme Court of Maryland went on to explain in Lusby v. Baltimore Transit, 195 Md. 118, 72 A.2d 754 (1950) that should any other analysis be used, the court would be imposing an impossible

duty of clairvoyance on the defendant and its employees by requiring that they see from some distance a potential hazard which the plaintiff herself did not see until after she slipped on it. *Id*.

The same clearly established rationale was followed by the Supreme Court of Maryland in the case of <u>Montgomery Ward and Co. v. Harriston</u>, 78 A.2d 190 (1951), where the court reversed the verdict in favor of the plaintiff who slipped and fell on a wet spot inside the defendant's store. Specifically, the court ruled that, as a matter of law, there was legally insufficient evidence to support an inference of constructive notice based simply on the fact that the defendant's employees were in the immediate area of the incident. *Id*. at 191.

The Supreme Court of Maryland went on to state that:

> The evidence does not support an inference that the foreign substance was placed there by the employees of the defendant, and that its presence was known to them, or that it was there for an appreciable time before the accident. If there was a foreign matter on the floor, it could have been caused by a customer tracking or dropping the substance immediately prior to the plaintiff's approach. We think the evidence is legally insufficient to support an inference of constructive notice, and the Motion for Judgment JNOV should have been granted.

*Id*.

## III.  MARYLAND DOES NOT RECOGNIZE A NEGLIGENT MODE OF OPERATION

Plaintiff argues throughout her Opposition that "[p]rior to the accident, Dollar General failed to make a reasonable inspection of the premises and specifically the mats at the checkout isle." (*sic*) (*See* Plaintiff's Opposition page 5.) Plaintiff again attempts to circumvent the "time on the floor" evidence requirement with a theory that the store employees were negligent in failing to perform adequate inspections.  While creative, this theory is neither new nor recognized in Maryland. This precise theory of negligence, known as "a negligent mode of operation" was rejected in the case of

Maans v. Giant Food, Inc., 161 Md. App. 620, 871 A.2d 627 (2005).

In Maans, the plaintiff made very similar arguments to the instant case. Maans argued that, although she could not produce any evidence as to the length of time the defective condition existed on the premises, she should be permitted to submit the case to the jury and allow the jury to infer that the store had either actual or constructive notice because she believes that the store employees were negligently trained, and the store employees failed to properly inspect the premises. The Appellate Court in Maryland held that although "a negligent mode of operation" has been recognized in many other states in the country, this theory has never been recognized in Maryland. The court went on to hold that if the plaintiff cannot establish affirmative evidence of how long the defective condition existed in a slip-and-fall or trip-and-fall case, summary judgment must be granted. *Id*. at 639.

The Maans court specifically stated:

> Doing away with the requirement that the invitee must prove how long the dangerous condition existed pre-injury is the functional equivalent of doing away with the requirement that the plaintiff prove that the defendant's negligence was the proximate cause of the plaintiff's injury. This case illustrates that point. Without "time on the floor" evidence, the storekeeper would be potentially liable even though there is no way of telling whether there was anything Giant could have done that would have avoided the injury.

*Id*.

Furthermore, Maryland law states that it is unreasonable to hold store owners to a duty of continuous inspections and immediate cleaning of spills. Lexington Market Authority, *supra*, 233 Md. at 445, 197 A.2d 148. There must be explicit proof of notice. *Id*. Therefore, there must be some specific proof that the hazardous condition existed for an appreciable length of time. As a matter of law, the Plaintiff produced no evidence whatsoever that the mat was defective in any

manner, let alone at any time prior to the Plaintiff's fall. Without explicit proof, the jury would have

to base any finding on pure speculation and conjecture, which is not permitted.

The burden of proving the notice element rests soundly on the plaintiff. Rawls v. Hochschild

Kohn & Co., 207 Md. 113, 113 A.2d 405 (1955). This burden is not met if the injury may have

occurred due to negligence by the defendant or an independent cause, unless each and every

independent cause is disproved by the plaintiff as a potential cause of the injury. *Id*. In Keene v.

Arland's Department Store, Baltimore, 35 Md. App. 250, 256 370 A.2d 124 (1977), the court

maintained this strong requirement of notice and proof, opining that it is recognized in trip-and-fall

cases that the innumerable intervening causes that are not attributable to an owner or his employees

may cause the specific hazardous condition. Nevertheless, the plaintiff must illustrate by proof

actual or constructive knowledge of the hazard, and that the knowledge was obtained by the owner

in sufficient time to correct the condition. *Id*. at 256.

In the instant matter, it is undisputed that Plaintiff has not produced any admissible evidence

of actual or constructive notice sufficient to establish a *prima facie* case of negligence in accordance

with the well-settled premises liability law in Maryland.

### IV. DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION IN LIMINE

Plaintiff's Opposition to Defendant's Motion in Limine, is very similar to her Opposition to

Defendant's Motion for Summary Judgment, filled with bald allegations without any factual support

to corroborate her arguments. Plaintiff argues that: "It is presumed, because of the spoiliation,(*sic)*

and a permissible inference by the fact finder that the Defendant placed an item in the store aisle that

did not meet commercial-grade standards, was unsuitable for commercial premises, or not properly

maintained." As stated above, Plaintiff provides no factual support that the mat in question did not meet commercial-grade standards. Plaintiff's description of Mr. Foreland's qualifications are disingenuous at best, when the full context is proved, as was set out in Defendant's original motion. As was stated in Defendant's original motion, Mr. Forehand admits that his education has nothing to do with his qualifications or the basis for his expert opinions in this case (KF pp. 42-43, JA0036-JA0037). Plaintiff claims that Mr. Foreland had 27 years of retail experience. Mr. Forehand worked at Walmart from 1989 to 1995. (KF p. 22, JA0029.) From 1995 to 2006 Plaintiff worked in two different record stores, which totals 17 years in retail. However neither record stores employed floor mats as both establishments had carpeted floors. Mr. Foreland has no factual basis for his opinions as the complete extent of the materials he reviewed consisted of nothing more than two deposition transcripts (Plaintiff and Rosalind Jackson), a screen shot from the store video, Defendant's Floor Care Maintenance Guide and Employee Safety Handbook, and some pictures taken on a store visit, over four years after Plaintiff's fall. Mr. Foreland has never been in any Dollar General store for the purpose of investigation in this case.

In the Carter case, *supra,* plaintiff named Eugene Sober, a fire and safety expert to investigate the accident and render opinions. Sober concluded that the carpet was turned up before plaintiff fell and the turned-up corner was the cause of plaintiff's fall. He further determined that the carpet itself was substandard because it was thin and should have been heavy duty and the turned-up carpet could have existed for an unacceptable period of time during which the defendant store owner's management should have noticed the dangerous condition it created, which is the exact same allegation in the instant matter. Although the trial court found that Sober was well qualified, his investigation consisted solely of interviewing plaintiff for approximately 20 to 30 minutes and

inspecting the store in question for another 15 minutes. While at the store inspecting the carpeted mat, Sober physically moved and pushed the carpeted mat around with his hands and his feet, but failed to perform any laboratory testing, nor did he interview anyone from defendant's previous carpet supplier, nor did he attempt to ascertain the nature of the carpets present when the accident occurred. Sober was not aware of any local or state law requiring any particular weight or type carpet for safe use in retail stores. Finally, Sober's conclusion that the carpet presented a hazard was premised upon plaintiff's assumption that the carpet was turned up before she fell.

The trial court granted defendant's motion in limine striking Sober as an expert as the court concluded that Sober lacked a sufficient factual basis to support expert testimony. In affirming the trial court's exclusion of expert Sober, the Appellate Court of Maryland held:

> The trial court did not err in determining that Sober's testimony would not assist the jury's understanding of a fact in issue because a juror's common knowledge sufficiently provides him or her the ability to comprehend a slip and fall on a carpet. Notably absent from Sober's opinion were both statutory guideline requiring a certain weight or type carpet and scientific testing of the actual carpet at issue. Without such information, there was no foundation upon which to admit his testimony that the carpet at issue was inappropriate or dangerous.

126 Md.App. at 159, 727 A.2d. at 964. Similar to Sober's lack of sufficient factual basis to render an opinion in Carter, notably absent in Mr. Foreland's opinion are the same deficiencies. Like Carter, Mr. Foreland's opinions lack both "statutory guideline requiring a certain weight or type carpet and scientific testing of the actual carpet at issue." *Id*. For the reasons set forth in Carter v. Shoppers Food Warehouse MD Corp., Plaintiff's expert Kevin Foreland must be excluded.

As set out in detail in Defendant's original motion, Mr. Foreland does not have the necessary qualifications to testify in this case, he does not have the necessary factual basis for his opinions, nor

12

the Daubert prongs of "Reliability and Relevance." The record produced herein, clearly demonstrates that Mr. Foreland should not be permitted to provide expert opinions in this case.

## VIII. CONCLUSION

It is respectfully submitted that this Honorable Court grant the Defendant's Motion for Summary Judgment as the undisputed facts are legally insufficient to establish a *prima facie* case of negligence against the Defendant, Dolgencorp, LLC d/b/a Dollar General. Furthermore, it is respectfully submitted that this Honorable Court should grant the Defendant's Motion in Limine and exclude Mr. Forehand from testifying as an expert in this matter

Respectfully submitted,

DeCARO, DORAN, SICILIANO,
GALLAGHER & DeBLASIS, LLP


*/s/Christopher R. Dunn*
Christopher R. Dunn, #05278
17251 Melford Boulevard, Suite 200
Bowie, Maryland 20715
(301) 352-4950
Fax - (301)352-8691
Cdunn@decarodoran.com
Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of April, 2024, a copy of the foregoing Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Motion in Limine was electronically filed and forwarded to:

Timothy P. Leahy
Byrd & Byrd, LLC
14300 Gallant Fox Lane, Suite 120
Bowie, Maryland 20715
Tleahy@byrdandbyrd.com
Counsel for Plaintiff


/s/Christopher R. Dunn
Christopher R. Dunn,  #05278
Counsel for Defendant